SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

JAN - 9 2013

J. T. NOBLIN, CLERK
_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RONALDO DESIGNER JEWELRY, INC.                    PLAINTIFF

v.                                        CIVIL ACTION NO. 3:13CU25HTW-LRA

TURKOYZ, INC., ALAN WEEKS
FRAN WEEKS and
JOHN DOES Numbers 1 through 99                    DEFENDANTS

### VERIFIED COMPLAINT
(JURY TRIAL IS DEMANDED)

Comes now Plaintiff, Ronaldo Designer Jewelry Inc., by counsel, and for its cause of action against Defendants, Turkoyz, Inc., Alan Weeks, Fran Weeks and John Does Numbers 1 through 99, states as its Complaint, the following:

### INTRODUCTION

1.      This is a Complaint for injunctive relief and for civil damages. Count I states a claim for Copyright Infringement pursuant to 17 U.S.C. §101 *et seq*. by and through Defendants' unlawful copying, reproduction, manufacture, importation, distribution, sale and use of Plaintiff's copyrighted works in Defendants' products which they market and sell to the public.

### PARTIES

2.      Plaintiff Ronaldo Designer Jewelry, Inc. ("Ronaldo") is a Kentucky corporation with its principal place of business located at Suite 1100, One Riverfront, 401 West Main Street, Louisville, Kentucky 40202.

3.      Defendant Turkoyz, Inc. is a Mississippi corporation authorized to do and doing business in Mississippi as Turkoyz Jewelry & Gift Gallery, and having its principal place of business at 4500 I-55 N, Suite 123, Jackson, MS 39211.

1

4.     Defendant Alan Weeks is an incorporator, officer and, upon information and belief, a principal owner of Turkoyz, Inc. and a resident of the Southern District of Mississippi, having his principal address at 3805 Tyrone Drive, Jackson, MS 39216.  Upon information and belief, at all times relevant herein, Defendant Alan Weeks had the right and ability to supervise, had an obvious and direct financial interest in, and actively controlled the infringing conduct of Defendant Turkoyz, Inc.

5.     Defendant Fran Weeks is an incorporator, officer, director, and, upon information and belief, a principal owner of Turkoyz, Inc. and a resident of the Southern District of Mississippi, having her principal address at 3805 Tyrone Drive, Jackson, MS 39216.  Upon information and belief, at all times relevant herein, Defendant Fran Weeks had the right and ability to supervise, had an obvious and direct financial interest in, and actively controlled the infringing conduct of Defendant Turkoyz, Inc.

6.     John Does Nos. 1 through 99 are fictitious names for Defendant persons or business entities which have reproduced, manufactured, copied, imported, distributed, displayed, and sold the infringing works that comprise the subject of this Complaint, for or on behalf of the Defendant named at numerical paragraph 3 above, or in concert or privity with it, including said Defendant's manufacturers, importers, distributors, brokers, and vendors, and for Defendant persons, including corporate officers, directors, managers, operators, representatives, and agents, or business entities having the right to supervise the infringing activities, or having a financial interest therein.  The true identities of these Defendants are yet unknown to Plaintiff.

7.     At all times relevant herein, Defendants were variously engaged in the business of manufacturing, reproducing, marketing, promoting, importing, distributing, displaying, and

selling, among other things, metal jewelry, goods, merchandise and materials embodying and otherwise incorporating the infringing works that comprise the subject of this lawsuit.

8.     Defendants have offered the products that are the subject of this dispute for sale in interstate commerce, including, upon information and belief, to stores or individuals in the Southern District of Mississippi, as well as in other retail outlets in other states.

## JURISDICTION AND VENUE

9.     Jurisdiction is possessed by this Court pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1338 as the Complaint alleges violations of federal Copyright Law. Additionally and alternatively, this Court has original diversity jurisdiction over this controversy pursuant to 28 U.S.C. §1332(a)(1), as the parties are residents of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

10.     Venue in the Southern District of Mississippi is proper under 28 U.S.C. §§1391(b) and 1400(a) because Defendants reside in the Southern District of Mississippi and a substantial part of the events giving rise to these claims arose within the Southern District of Mississippi. In this regard, upon information and belief, Defendants are and at all relevant times have been marketing and selling goods, including, upon information and belief, the infringing works that are the subject of this lawsuit, from the Southern District of Mississippi directly and indirectly to individuals and entities residing and transacting business in the Southern District of Mississippi.

## COUNT I

## COPYRIGHT INFRINGEMENT

11.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10 herein as though fully set forth.

12.    At all times relevant herein, Plaintiff was variously engaged in the business of manufacturing, marketing, distributing, and selling decorative jewelry and accessories.

13.    In or about 1995, Plaintiff, through its predecessor in interest, created its work known as "The Power of Prayer Bracelet," which is a decorative bracelet, a photograph of which is reproduced below, and incorporated herein by reference as Exhibit A.    (This item and the items displayed in Exhibits B and C are collectively referred to herein as "Plaintiff's Works.")



14.    Plaintiff, through its predecessor in interest, created its work known as "The Wide Power of Prayer Bracelet," which is a decorative bracelet that is a derivative of the "The Power of Prayer Bracelet" Work, a photograph of which is reproduced below, and incorporated herein by reference as Exhibit B.



4

15.    Plaintiff has been and is the sole proprietor of all right, title, and interest, including copyright, in and to the "The Power of Prayer Bracelet" and "The Wide Power of Prayer Bracelet" Works.

16.    In or about 1991, Plaintiff, through its predecessor in interest, created its work known as "Stackable Bracelet," which is a decorative bracelet, a photograph of which is reproduced below, and incorporated herein by reference as Exhibit C.



17.    Plaintiff has been and is the sole proprietor of all right, title, and interest, including copyright, in and to the "Stackable Bracelet" Work.

18.    Thereafter, Plaintiff learned that Defendants have been copying, reproducing, manufacturing, importing, distributing, displaying, marketing, and selling metal bracelets, sold as "Cable and Pearl Bracelet" and "Ribbed Cable Bracelets", which are substantially similar to the protected Plaintiff's Works referenced above, photographs of which showing said bracelets are reproduced below, and incorporated herein by reference as Exhibit D.

*[Photographs on next page.]*

5





19.     Plaintiff, through its predecessor in interest, received from the United States Copyright Office Certificate of Registration VA 1-220-847, for the "The Ronaldo Collection" website in which the "The Power of Prayer Bracelet" Work is depicted, having an Effective Registration Date of December 7, 2001, which Certificate (including the assignment thereof) is attached hereto and incorporated herein by reference as Exhibit E.

20.     Plaintiff received from the United States Copyright Office Certificate of Registration VA 1-813-280, for the "The Power of Prayer Bracelet" Work, having an Effective Registration Date of April 17, 2012, which Certificate is attached hereto and incorporated herein by reference as Exhibit F.

21.     Plaintiff, through its predecessor in interest, received from the United States Copyright Office Certificate of Registration VA 1-125-963, for the Gold Craft Fashions jewelry design and catalog in which the "Stackable Bracelet" Work is depicted, having an Effective

6

Registration Date of December 7, 2001, which Certificate (including the assignment thereof) is attached hereto and incorporated herein by reference as Exhibit G.

22.     On or about November 7, 2012, Plaintiff applied to the United States Copyright Office to register its "Stackable Bracelet" Work, a copy of which application is attached hereto as Exhibit H. Plaintiff has not yet received the Federal Copyright Certificate therefor.

23.     Defendants individually, or by and through their agents, employees, and representatives, with notice of Plaintiff's right, title, and interest in and to Plaintiff's Work, and without Plaintiff's authorization, have used Plaintiff's Work to manufacture, reproduce, copy, publish, display, distribute, transmit, sell, and otherwise market their Infringing Merchandise.

24.     Upon information and belief, Defendants willfully and deliberately infringed said Plaintiff's copyright by copying Plaintiff's Work, and manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market Defendants' Infringing Merchandise and, thus, using Plaintiff's Work without authorization, all to Plaintiff's detriment.

25.     Upon information and belief, Defendants have copied, manufactured, reproduced, imported, published, displayed, distributed, transmitted, marketed, promoted, and sold the Infringing Merchandise and will, unless restrained, continue to do so in the future.

26.     Defendants' infringement of Plaintiff's copyright has caused and will continue to cause immediate and irreparable harm to Plaintiff unless enjoined by this Court.

## COUNT II

7

## COPYRIGHT INFRINGEMENT – VICARIOUS LIABILITY

27.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 herein as though fully set forth.

28.    Upon information and belief, Defendants Alan Weeks and Fran Weeks were at all relevant times employed as the officers and owners of Turkoyz, Inc.

29.    Upon information and belief, Defendants Alan Weeks and Fran Weeks had the right and ability to supervise the infringing conduct of Turkoyz, Inc.

30.    Upon information and belief, Defendants Alan Weeks and Fran Weeks had an obvious and direct financial interest in Turkoyz Inc.'s exploitation of Plaintiff's copyrighted materials.

31.    As a result of Defendants Alan Weeks' and Fran Weeks' supervisory control over and financial interest in the infringing conduct of Turkoyz, Inc., Alan Weeks and Fran Weeks are vicariously responsible and personally liable for the infringing actions of Turkoyz, Inc.

WHEREFORE, Plaintiff demands as follows:

1.    That a temporary restraining order and permanent injunction be issued restraining Defendants, their agents, servants, employees, successors, assigns, and all others in concert or privity with them from infringing Plaintiff's Work and from manufacturing, reproducing, importing, publishing, displaying, distributing, transmitting, selling, or otherwise placing on the market the Infringing Merchandise and, thus, using Plaintiff's Work without authorization;

2.    That Defendants be required to account to Plaintiff for Defendants' profits and the actual damages suffered by Plaintiff as a result of Defendants' infringement;

8

3.      That Defendants be ordered to surrender to Plaintiff all property, tangible and intangible including, but not limited to all goods, merchandise and materials which infringe upon Plaintiff's Work, and all tooling, templates, patterns, or other means and media used by Defendants to copy, manufacture, reproduce, publish, display, distribute, transmit, market, promote, license, and sell Defendants' Infringing Merchandise;

4.      That Plaintiff be awarded actual damages and profits or statutory damages against Defendants, in an amount to be determined, subject to Plaintiff's election with respect thereto;

5.      That Defendants be compelled to pay Plaintiff's costs and attorney fees incurred in connection with this action;

6.      Trial by jury of all issues so triable; and

7.      All other and further relief to which Plaintiff may otherwise be entitled.

Respectfully submitted,

ELLIE B. WORD, MSB# 100408
ALEC M. TAYLOR, MSB# 102874

KREBS, FARLEY & PELLETERI, PLLC
One Jackson Place
188 E. Capitol Street, Suite 900
Jackson, Mississippi 39201
601-968-6710 (telephone)
601-968-6708 (facsimile)
eword@kfplaw.com
ataylor@kfplaw.com
*Attorneys for Plaintiff, Ronaldo Designer Jewerly, Inc.*

9

## VERIFICATION

I hereby verify that all of the information contained in the foregoing Complaint is true to the best of my knowledge, information and belief.

*Ronnie E. Needham*

RONNIE E. NEEDHAM, President of
RONALDO DESIGNER JEWELRY, INC.

STATE OF INDIANA                    )
                                    ) ss
COUNTY OF _FLOYD_                   )

Subscribed and sworn to before me by RONNIE E. NEEDHAM, President of RONALDO DESIGNER JEWELRY, INC. on December _31_, 2012.

My Commission expires: _January 1, 2016_.

*Jo Ellen Peers*

Notary Public

JO ELLEN PEERS
NOTARY PUBLIC, STATE OF INDIANA
FLOYD COUNTY
MY COMMISSION EXP. JAN 1. 2016

g:\doc\kac\ronaldo designer jewelry, inc\infringements\turkoyz\verified complaint-2 w pics.doc

10